**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA**
       **Plaintiff,**

  v.                                                       Case No. 18-CR-71

**CLIFFORD CANNON**
       **Defendant.**

---

## DECISION AND ORDER

The government obtained an indictment alleging that on or about February 10, 2018, while subject to a state domestic abuse injunction, defendant Clifford Cannon knowingly possessed a firearm, contrary to 18 U.S.C. § 922(g)(8). Defendant moved to dismiss the indictment, arguing that the injunction, a copy of which he attached to his motion, did not meet the requirements of § 922(g)(8)(C). The magistrate judge handling pre-trial proceedings recommended that the motion be denied. Defendant objects, so I must review the matter de novo. Fed. R. Crim. P. 59(b).

**I.**

Ordinarily, in ruling on a pre-trial motion to dismiss, the court considers the sufficiency of the indictment to charge an offense, regardless of the strength or weakness of the evidence the government may introduce at trial. See United States v. Risk, 843 F.2d 1059, 1061 (7th Cir. 1988). In limited circumstances, however, the court may consider whether the undisputed facts proffered by the parties amount to an offense. See id. ("The district court found no violation and correctly dismissed the indictment, not because the government could not prove its case, but because there was no case to prove."). In the present case, the parties have filed the

temporary restraining order and domestic abuse injunction entered by the state court, and they agree that defendant's motion may be decided by reference to those documents. See United States v. Luedtke, No. 08-CR-189, 2008 U.S. Dist. LEXIS 96544, at *3-4 (E.D. Wis. Nov. 18, 2008) (deciding similar pre-trial motion to dismiss § 922(g)(8) charge based on alleged flaws in the underlying domestic abuse injunction).

In July 2015, S.J. petitioned the Milwaukee County Circuit Court for a temporary restraining order on defendant, with whom she had a dating and current or former live-in relationship. (R. 11-1 at 1.) S.J. alleged that defendant had access to a handgun, and that weapons were involved in an incident between them. (R. 11-1 at 1.) The court issued the order pending a hearing, requiring, inter alia, that defendant avoid contacting S.J. and that he "refrain from committing acts or threats of domestic abuse against" her. (R. 11-1 at 2.)

On September 3, 2015, the state court issued an injunction, finding that "[t]here are reasonable grounds to believe that [defendant] engaged in, or based upon prior conduct of [S.J.] and [defendant], may engage in domestic abuse of [S.J.] as defined in §813.12, Wis. Stats., as stated in the court record." (R. 10-1 at 2.) The court further found that defendant had access to weapon(s), i.e., a handgun, and that weapon(s) were involved in an incident involving S.J. (R. 10-1 at 1.) The injunction ordered that defendant "refrain from committing acts or threats of domestic abuse against" S.J. (R. 10-1 at 2.) The injunction further stated that defendant "is prohibited from possessing a firearm until the expiration of this injunction," and that he was to immediately surrender any firearm he possessed to the sheriff. (R. 10-1 at 2.) The injunction also advised defendant that federal law provided penalties for, and he may be prohibited from, possessing a firearm pursuant to 18 U.S.C. § 922(g)(8). The injunction was to remain in effect until July 17, 2019. (R. 10-1 at 1.)

**II.**

Federal law proscribes firearm possession by any person:

who is subject to a court order that –

(A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;

(B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

(C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury[.]

18 U.S.C. § 922(g)(8).

Before the magistrate judge, defendant argued that the injunction against him failed to satisfy § 922(g)(8)(C)(ii) because it forbids "domestic abuse," without defining it, and thus does not "by its terms explicitly prohibit" the use, attempted use, or threatened use of physical force. The magistrate judge rejected this argument, noting that courts have repeatedly held that a domestic abuse injunction need not precisely track the language in § 922(g)(8)(C)(ii). See United States v. Taylor, No. 16-CR-143, 2018 U.S. Dist. LEXIS 27592, at *9-10 (E.D. Wis. Feb. 21, 2018) (collecting cases).

Defendant further argued that the injunction failed to satisfy the statute because it covered acts or threats of abuse, but not attempts. The magistrate judge found that this argument overlooked the statute's use of the word "or." He concluded that under the plain language of § 922(g)(8)(C)(ii) an injunction that forbids any one of three things – (1) using force,

3

(2) attempting to use force, or (3) threatening to use force – suffices. Defendant read the statute as if it contained the word "and" – requiring that it forbid all three things; the magistrate judge noted that no court had so held.

**III.**

In his objections, defendant argues that the introductory phrase "by its terms explicitly prohibits" should be read like an instruction, dictating the list of what an injunction must cover, i.e., "the use, attempted use, or threatened use of physical force." However, no court has held that an injunction must use the precise language of § 922(g)(8)(C)(ii), as if the statute contains internal quote marks dictating the injunction's content. See United States v. Crespo, No. 16-CR-536, 2017 U.S. Dist LEXIS 24065, at *5 (S.D.N.Y. Feb. 21, 2017) (noting the consensus on this point and collecting cases).

Defendant further argues that his reading does not change "or" into "and" but rather reads the "or" as applying within the injunction, rather than within the statute. That is, Congress intended for the restricted person to be able to violate the injunction by either using force, attempting to use force, or threatening to use force. Use of the word "and" would be confusing, he contends, suggesting that the injunction bars only the combination of three acts (using, attempting to use, and threatening to use force). But § 922(g)(8) is not a domestic violence statute; in other words, it does not purport to define criminal liability for violating an abuse injunction. Rather, the statute forbids firearm possession by a person subject to such an injunction, and it works just fine read disjunctively. See United States v. Hughes, 585 F.2d 284, 287 (7th Cir. 1978) (noting "the ordinary rule of statutory construction that 'or' is disjunctive").

Defendant worries that if the statute is read disjunctively an internet troll who makes threats online but never leaves his basement could be subject to prosecution. This overlooks

4

the other requirements of the statute.  Further, while it might be unusual for a state court to issue an injunction proscribing only threats or only attempts, under defendant's reading a person (like him) enjoined from abusing or threatening to abuse an intimate partner would be able to possess a firearm just because he was not also enjoined from attempting to abuse that partner, an absurd result Congress could not have intended.[1]

Defendant surveys the cases, acknowledging that some approve of either vague language or language that does not track the words of the statute.  See United States v. DuBose, 598 F.3d 726, 731 (11th Cir. 2010) (holding that an order enjoining the defendant from "intimidating, threatening, hurting, harassing, or in any way putting" his wife and daughters "in fear of their lives, health, or safety" sufficed); United States v. Coccia, 446 F.3d 233, 235, 242 (1st Cir. 2006) (holding that an order forbidding the defendant from "abusing, harassing, or threatening his wife or children" sufficed); United States v. Bostic, 168 F.3d 718, 722 (4th Cir. 1999) (accepting an injunction that the defendant "refrain from abusing" his wife).  Cf. United States v. Sanchez, 639 F.3d 1201, 1205 (9th Cir. 2011) (holding that while an injunction need not contain the precise language of § 922(g)(8)(C)(ii), a "no contact" order containing no prohibitions on physical force, abuse, or harm did not suffice).  Defendant suggests that these cases hold, at a minimum, that an injunction must ban the use of force, yet the magistrate judge's recommendation indicates an injunction barring threats alone would suffice.  However, this case does not involve an injunction barring only threats; rather, it involves an injunction that proscribes acts or threats of "domestic abuse," which includes:

---

[1]That result would be particularly incongruous in this case, where the state court found that defendant had access to weapon(s) – a handgun, "on him" – and that weapon(s) were involved in an incident with S.J.  (R. 10-1 at 1.)

5

  1. Intentional infliction of physical pain, physical injury or illness.

  2. Intentional impairment of physical condition.

  3. A violation of s. 940.225 (1), (2) or (3) [sexual assault].

  4. A violation of s. 940.32 [stalking].

  5. A violation of s. 943.01 [damage to property], involving property that belongs to the individual.

  6. A threat to engage in the conduct under subd. 1., 2., 3., 4., or 5.

Wis. Stat. § 813.12(1)(am); see also Luedtke, 2008 U.S. Dist. LEXIS 96544, at *14-16 (discussing § 813.12).

  Defendant opposes "a deep dive" into Wisconsin's statutes to determine what is meant by "domestic abuse." (R. 21 at 13.) However, his injunction specifically refers to domestic abuse "as defined in §813.12." (R. 10-1 at 2.) In any event, courts have concluded that an injunction that simply bars the defendant from "abusing" an intimate partner suffices. See Coccia, 446 F.3d at 242 (citing Bostic, 168 F.3d at 722). The injunction here, which bars defendant from "committing acts or threats of domestic abuse," also suffices under this case-law.[2]

  Defendant contends that relying on a statute is unfair to the individual covered by the injunction, who should not have to conduct research to determine whether the injunction

---

[2] In United States v. Hopper, 28 Fed. Appx. 376, 279 (6th Cir. 2001), the court approved an injunction restraining the defendant "from committing further acts of domestic violence and abuse." The government noted that the phrase "domestic violence and abuse" was statutorily defined. The court noted that this statutory definition was not incorporated into the injunction by reference but found "it unnecessary to look to the state statute for assistance because the language of the order itself satisfies the requirements of 18 U.S.C. § 922(g)(8)(C)(ii) on its own." Id. In this case, the statutory definition of domestic abuse is specifically referenced in the injunction. Moreover, the phrase "acts or threats of domestic abuse" suffices by itself under the case-law.

6

exposes him to criminal liability. He also notes that some states have modified their injunction forms to track § 922(g)(8)(C)(ii). But the injunction at issue here specifically told defendant that he was prohibited from possessing a gun until the expiration of the injunction, that he had to surrender any firearms he had to the sheriff, and that he may be subject to federal penalties under 18 U.S.C. § 922(g)(8) if he possessed a firearm.

In sum, defendant's injunction is consistent with those approved in the reported cases. To the extent that the case-law leaves open the possibility of a challenge to an injunction barring threats alone, or to one that fails to afford adequate notice, this case does not involve such an injunction,[3] and I decline to rule on defendant's motion to dismiss based on a hypothetical injunction not before me.

Defendant discusses the legislative history, noting that § (g)(8)(C)(ii) was added to broaden the statute's reach, while satisfying the NRA and conservative House members who wished to protect gun rights via the inclusion of limiting language. Defendant points to nothing specific in the legislative history supporting his position that an injunction must list all three actions. In any event, legislative history cannot be used to override a statute's plain language. See, e.g., United States v. Logan, 453 F.3d 804, 805 (7th Cir. 2006). Because the statute's meaning is plain, it is likewise unnecessary to apply the rule of lenity. See, e.g., United States v. LaFaive, 618 F.3d 613, 618 (7th Cir. 2010).

---

[3]Defendant argues that applying § (g)(8)(C)(ii) to an injunction barring threats alone would water down sub. (C)(i), which requires a "credible threat." Again, this case does not involve an injunction covering only threats. In any event, the two provisions do not use the word "threat" in the same way. See Webster's II New College Dictionary 1149 (1995) (providing several definitions of the word "threat"). Under sub. (C)(i), "threat" refers to "[o]ne regarded as a possible danger." Id. Under sub. (C)(ii), threat means "[a]n expression of an intention to inflict something harmful." Id. In other words, under sub. (C)(i) the threat is a person, while under sub. (C)(ii) the threat is a statement.

7

**IV.**

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation (R. 16) is adopted, and defendant's motion to dismiss (R. 10) is denied.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2018.

/s Lynn Adelman
LYNN ADELMAN
District Judge